PHILLIP A. TALBERT
Acting United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:    (559) 497-4000
Facsimile:     (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>               v.<br><br>KENNETH BASH,<br>TODD MORGAN,<br>STEPHANIE MADSEN,<br>MARLON PALMER,<br>SAMANTHA BOOTH,<br>JAMES ARMSTRONG,<br>BROCK LARSON,<br>JACOB RENSHAW,<br>AMANDA GOURLEY,<br>JOSEPH MCWILLIAMS,<br><br>                            Defendants. | CASE NO.  1:20-CR-00238-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: June 16, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for status conference on June 16, 2021.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1   Although the General Orders and declarations of emergency address the district-wide health

2   concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3   "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5   record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  Moreover, any such

6   failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

7   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

8   findings on the record "either orally or in writing").

9   Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

11  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

14  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

15  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16  such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

17  The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

22  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

24  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26  by the statutory rules.

27  In light of the societal context created by the foregoing, this Court should consider the following

28  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 16, 2021.

2.      By this stipulation, defendants now move to continue the status conference until October 20, 2021, and to exclude time between June 16, 2021, and October 20, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes reports, photographs, and audio files and is voluminous. This discovery has been either produced directly to counsel and/or made available for inspection and copying, and the production of or availability of more discovery is anticipated.

b)      Counsel for defendants desire additional time to further review discovery, discuss potential resolution with defendants and the government, and investigate and prepare for trial.

c)      Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 16, 2021 to October 20, 2021,

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

2    because it results from a continuance granted by the Court at defendant's request on the basis of

3    the Court's finding that the ends of justice served by taking such action outweigh the best interest

4    of the public and the defendant in a speedy trial.

5         g)    The parties also agree that this continuance is necessary for several reasons,

6    including but not limited to, the need to permit time for the parties to exchange supplemental

7    discovery, engage in plea negotiations, and for the defense to continue its investigation and

8    preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

9         4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

10   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

11   must commence.

12        IT IS SO STIPULATED.

13

14   Dated:  June 4, 2021                          PHILLIP A. TALBERT
                                                    Acting United States Attorney
15

16                                                  /s/ STEPHANIE M. STOKMAN
                                                    STEPHANIE M. STOKMAN
17                                                  Assistant United States Attorney

18

19   Dated:  June 4, 2021                          /s/ W. SCOTT QUINLAN
                                                    W. SCOTT QUINLAN
20                                                  Counsel for Defendant
                                                    KENNETH BASH
21

22   Dated:  June 4, 2021                          /s/ MARC DAYS
                                                    MARC DAYS
23                                                  Counsel for Defendant
                                                    TODD MORGAN
24

25   Dated:  June 4, 2021                          /s/ BARBARA O'NEILL
                                                    BARBARA O'NEILL
26                                                  Counsel for Defendant
                                                    STEPHANIE MADSEN
27

28

Dated:  June 4, 2021
/s/ ROGER WILSON
ROGER WILSON
Counsel for Defendant
MARLON PALMER

Dated:  June 4, 2021
/s/ MONICA BERMUDEZ
MONICA BERMUDEZ
Counsel for Defendant
SAMANTHA BOOTH

Dated:  June 4, 2021
/s/ STEVE CRAWFORD
STEVE CRAWFORD
Counsel for Defendant
AMANDA GOURLEY

Dated:  June 4, 2021
/s/ KEVIN LITTLE
KEVIN LITTLE
Counsel for Defendant
JAMES ARMSTRONG

Dated:  June 4, 2021
/s/ CAROL MOSES
CAROL MOSES
Counsel for Defendant
BROCK LARSON

Dated:  June 4, 2021
/s/ CARRIE MCCREARY
CARRIE MCCREARY
Counsel for Defendant
JACOB RENSHAW

Dated:  June 4, 2021
/s/ MARK COLEMAN
MARK COLEMAN
Counsel for Defendant
JOSEPH MCWILLIAMS

## FINDINGS AND ORDER

IT IS SO ORDERED.

DATED:   June 8, 2021

_Sheila K. Oberto_
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE