PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>KENNETH JOHNSON (aka "K" aka "Kenwood"),<br>FRANCIS CLEMENT (aka "Frank"),<br>██████████████████<br>KENNETH BASH (aka "Kenny" aka "Bash"),<br>DEREK SMITH (aka "Pup"),<br>██████████████████<br>MARLON PALMER,<br>SAMANTHA BOOTH, and<br>AMANDA GOURLEY,<br>            Defendants. | CASE NO. 1:20-CR-238-JLT-SKO<br><br>**UNDER SEAL**<br><br>VIOLATIONS: 18 U.S.C. § 1962(d) – Conspiracy to Participate in a Racketeering Enterprise; 18 U.S.C. § 1959(a)(1)- Murder in Aid of Racketeering (2 counts); 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering; 21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Heroin; 21 U.S.C. § 841(a)(1) –Possession with Intent to Distribute Methamphetamine (3 counts); 21 U.S.C. § 841(a)(1) –Possession with Intent to Distribute Heroin; 18 U.S.C. § 924(c)- Use or Carry a Firearm During and in Relation to a Drug Trafficking Offense; 18 U.S.C. § 922(g)(1)– Felon in Possession of Firearm; 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine; 21 U.S.C. §§ 853(a), 18 U.S.C. §§ 1963(a)(1), 1963(a)(2), 1963(a)(3), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

## S U P E R S E D I N G  I N D I C T M E N T

GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

### The Racketeering Enterprise:  The Aryan Brotherhood

1        1.      The Aryan Brotherhood (the "AB") is a criminal organization whose members and

2   associates engaged in drug trafficking, theft, and acts involving murder, extortion, burglary, robbery,

3   and assault.

4        2.      The AB, including its leaders, members, and associates, constitutes an "enterprise," as

5   defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2) ("the enterprise"), that is, a

6   group of individuals associated in fact that engages in, and the activities of which affect, interstate and

7   foreign commerce.  The enterprise constitutes an ongoing organization whose members function as a

8   continuing unit for a common purpose of achieving the objectives of the enterprise.

9        3.      The defendants, Kenneth JOHNSON, aka "K" aka "Kenwood", Francis CLEMENT, aka

10  "Frank", ███████████████████████████ Kenneth BASH, aka "Kenny" aka

11  "Bash", and Derek SMITH, aka "Pup" knowingly agreed to associate with, and were each in fact a

12  member or an associate of, the AB.

13                                   Formation

14       4.      The Aryan Brotherhood is a white, race-based gang that was formed in the California

15  prison system in about 1964 by white inmates who wanted to gain power and authority in prison.  Some

16  sources indicate the gang officially formed in 1968 in San Quentin State Prison.

17                                  Membership

18       5.      AB members are recruited from the prison population.  For new members, the AB has a

19  policy of 'blood in, blood out': potential members must commit a murder to gain full membership, and

20  can only leave when they die. However, exceptions have been made for new recruits who have shown a

21  willingness to kill.  Recently, there has also been precedent set for prospective members who have a

22  greater earning potential or existing sum of money to contribute to the enterprise, to be "made" without

23  committing a murder.

24       6.      To be considered for AB membership, an inmate must be sponsored by two members, a

25  primary and a secondary sponsor.  Generally, the inmate must also serve a probationary term, when his

26  conduct is observed by Aryan Brotherhood members.  If his conduct is satisfactory, the inmate is

27  admitted to the Aryan Brotherhood.  Once accepted, an Aryan Brotherhood member is required to

28

1    commit any criminal act that the enterprise asks of him.  An AB member pledges his life to the

2    enterprise.  All AB members are men.

3                                        Command Structure

4        7.    The AB is governed by a three-man commission with authority over the entire enterprise.

5    The primary purpose of the commission is to resolve disputes among AB members and, when necessary,

6    to approve the murder or assault of an Aryan Brotherhood member.  The murder or assault of an Aryan

7    Brotherhood member in California may be executed only if the commission authorizes it.  Murder of a

8    nonmember does not require commission approval.  Certain senior members of the organization have

9    more authority than others.

10                                        Codes of Conduct

11        8.    The AB does not have a formal, written code of conduct.  Instead, there are unwritten

12    rules of conduct that govern the behavior of its members.  Most recently, three primary rules govern all

13    the behavior of AB members.  They are:

14            1. Do not cooperate with law enforcement.

15            2. Keep your word.

16            3. Never be a coward.

17        9.    Aside from these rules, AB members are required, when ordered, to kill without

18    hesitation.

19        10.    Members who do not fulfill their obligations to the AB are subject to murder.  AB

20    members are also prohibited from engaging in other conduct, such as being convicted of child

21    molestation, engaging in homosexual behavior, providing information to law enforcement and accruing

22    a drug debt to an inmate of another race while in prison.

23        11.    In addition to members, the enterprise includes associates, who are people closely

24    affiliated with the AB.  Associates are required to follow the orders of Aryan Brotherhood members.

25    Associates who do not fulfill their obligations to the enterprise are subject to murder.

26        12.    The AB enforces its rules of conduct and promotes discipline among the enterprise by

27    acts involving murder, extortion, and threatening those who either violate the rules or pose a threat to the

28    enterprise.  The AB also uses murder, the threat of murder, and assault to preserve, protect, and expand

its position of power within the California prison system.  Specifically, AB members believe that a prison stabbing committed by an AB member should be executed in a bloody and cruel manner so that it leaves a lasting impression on other inmates.  This AB belief stems from the reality that white inmates are a minority in every California prison.  Therefore, AB-ordered prison attacks, which tend to stand out as particularly gruesome, deter rival inmates from confronting the enterprise's members and associates.  In other words, the AB's extreme violence has a purpose: It warns other would-be attackers that they risk severe retaliation.

13.    Inmates and others who do not follow the orders of the AB are subject to retaliation, including physical assault or murder, as is anyone who uses violence against an AB member.  Inmates who cooperate with law enforcement authorities are "put in the hat" – that is, marked for death.

<u>Purposes of the Enterprise</u>

14.    The purposes of the AB include, but are not limited to, the following:

a.    Controlling illegal activities – such as drug trafficking, gambling, and extortion – within the California prison system for the purpose of generating money for AB members.

b.    Enriching the leaders, members, and associates of the enterprise through, among other things, illegal trafficking of controlled substances.

c.    Preserving, protecting, and expanding the power, territory, reputation, and profits of the AB through intimidation, violence, threats, assault, obstruction of justice, robbery, extortion, and murder.

d.    Using threats and violence to keep victims in fear of the AB.

<u>Methods and Means used by the AB</u>

15.    The means and methods by which AB leaders, members, and associates conduct and participate in the conduct of the affairs of the enterprise include the following:

a.    The leaders and members of the AB direct, sanction, approve, and permit other members and associates to carry out criminal acts in furtherance of the enterprise.

b.    To generate income, AB members and associates, under the protection of the enterprise, engage in illegal activities, including drug trafficking, theft, robbery, and extortion.

    c.     AB members and associates use gang-related terminology, symbols, phrases, and gestures to demonstrate affiliation with the gang.

    d.     To perpetuate the enterprise and to maintain and extend its power, AB members and associates commit and conspire to commit acts of murder, intimidation, and assault against individuals who pose a threat to the enterprise or who jeopardize its operations. These targets include members of rival organizations, AB members and associates, and witnesses to the enterprise's illegal activities.

Symbols

16.    AB members use various symbols to signal their participation in the enterprise. The symbols can appear in tattoos, drawings, and writings. The shamrock is the most prominent symbol used to signify membership in the AB. If an incarcerated inmate who is not a member of the enterprise has a shamrock tattoo, members of the AB will require that inmate to remove or cover up the tattoo. Additional symbols demonstrating membership in the AB include Nazi symbols, the letters "AB," the numbers "I" and "II" (representing the first two letters of the alphabet), the numbers "666," the number "88" (representing the phrase "Heil Hitler" because "H" is the eighth letter in the alphabet), and the number "14" (referring to a 14-word mission statement for white supremacists).

COUNT ONE: 18 U.S.C. § 1962(d) - Conspiracy to Participate in a Racketeering Enterprise

    The Grand Jury charges:

KENNETH JOHNSON (aka "K" aka "Kenwood"),<br>FRANCIS CLEMENT (aka "Frank"),<br><br>KENNETH BASH (aka "Kenny" aka "Bash"), and<br>DEREK SMITH (aka "Pup"),

defendants herein, as follows:

17.    Paragraphs 1 through 16 are incorporated here by reference.

18.    Beginning at a time unknown, but no later than in or around 2015, and continuing to at least on or about February 1, 2022, in the Eastern District of California and elsewhere, the defendants, Kenneth JOHNSON, aka "K" aka "KENWOOD", Francis CLEMENT, aka "Frank", Kenneth BASH, aka "Kenny" aka "Bash", and Derek SMITH, aka

"Pup", being persons employed by and associated with the AB, which engaged in, and the activities of which affected, interstate and foreign commerce, together with others known and unknown, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the AB through a pattern of racketeering activity, which is defined in Title 18, United States Code, Section 1961(1) and (5), which pattern of racketeering activity consisted of:

      a.     multiple acts involving murder in violation of California Penal Code §§ 189, 187, 182, 21a, 31, 664, and 653f;

      b.     multiple acts involving extortion in violation of California Penal Code §§ 518, 182, 21a, 31, and 664;

      c.     multiple acts involving robbery in violation of California Penal Code §§ 211, 182, 21a, 31, and 664, Alabama Criminal Code §§ 13A-8-43, 13A-4-3, 13A-4-2, and 32-8-11, and Oregon ORS §§ 164.415, 174.100, 161.450, and 659A.030(1)(g);

      d.     multiple acts indictable under 18 U.S.C. §§ 1028, 1341, and 1343;

      e.     multiple offenses involving drug trafficking in violation of 21 U.S.C. §§ 841, 843, and 846; and

      f.     multiple acts involving arson in violation of California Penal Code §§ 451, 452, 182, 21a, 31, and 664.

    19.    It was part of the conspiracy, that each defendant agreed that a conspirator would commit at least two acts of racketeering activity, in the conduct of the affairs of the enterprise.

    20.    During and in furtherance of the racketeering conspiracy, and to affect the object thereof, defendants committed the following acts:

      a.     Beginning no later than on or about October 1, 2020, and continuing to on or about October 4, 2020, Kenneth JOHNSON, aka "K" aka "Kenwood" and Francis CLEMENT, aka "Frank", together with others known and unknown, murdered V-1 and V-2.

      b.     Beginning no later than on or about October 1, 2020, and continuing to on or about October 4, 2020, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Kenneth BASH, aka "Kenny" aka "Bash", together with others known and unknown, conspired to murder V-3.

 c. On or about August 12, 2015, ███████████████ ███████ murdered V-5.

 d. Beginning no later than on or about May 1, 2020, and continuing to on or about June 1, 2020, Kenneth BASH, aka "Kenny" aka "Bash", Derek SMITH, aka "Pup", and others known and unknown, conspired to commit a Robbery of V-6. During the course of the Robbery, V-6 was tied up and beaten.

 e. Beginning no later than on or about October 1, 2020, and continuing to on or about November 19, 2020, Kenneth JOHNSON, aka "K" aka "Kenwood", Francis CLEMENT, aka "Frank", and others known and unknown, conspired to commit a Robbery in Oregon.

 f. Beginning no later than on or about September 1, 2020, and continuing to on or about September 20, 2020, Kenneth BASH, aka "Kenny" aka "Bash", Derek SMITH, aka "Pup", and others known and unknown, conspired to commit arson by setting fire to V-7's property.

 g. Beginning no later than in or about April 2020, and continuing to in or about November 2020, Kenneth BASH, aka "Kenny" aka "Bash", together with others known and unknown, committed mail fraud and identity theft to obtain money from California Employment Development Department (EDD) and others.

 h. Beginning on a date unknown, but no later than on or about September 1, 2020, and continuing until on or about November 19, 2020, in the State and Eastern District of California, and elsewhere, Kenneth BASH, aka "Kenny" aka "Bash", Derek SMITH, aka "Pup", and ███████████████ knowingly caused the distribution of methamphetamine and heroin to Salinas Valley State Prison, various locations in the state of Montana, and various locations in the state of California.

///

i.   Beginning no later than on or about December 1, 2019 and continuing to on or about February 1, 2020, BASH ordered the stabbing of V-8, as punishment for violation of AB rules.

j.   Between in or about May 2022 and in or about July 2022, Francis CLEMENT, aka "Frank", attempted to distribute methamphetamine.

Notice of Special Sentencing Factors

Number 1:  Murder of Victim-1

On or about October 4, 2020, in the Eastern District of California, and elsewhere the defendants,

KENNETH JOHNSON (aka "K" aka "Kenwood"), and<br>FRANCIS CLEMENT (aka "Frank"),

did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Victim-1, with malice aforethought, in violation of California Penal Code, Sections 31, 187 and 189.

Number 2:  Murder of Victim-2

On or about October 4, 2020, in the Eastern District of California, and elsewhere the defendants,

KENNETH JOHNSON (aka "K" aka "Kenwood"), and<br>FRANCIS CLEMENT (aka "Frank"),

did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Victim-2, with malice aforethought, in violation of California Penal Code, Sections 31, 187 and 189.

Number 3:  Conspiracy to Commit the Murder of Victim-3

Beginning on a date unknown to the Grand Jury, but no later than on or about October 1, 2020, and continuing to on or about October 4, 2020, in the Eastern District of California, the defendants,

KENNETH BASH (aka "Kenny" aka "Bash"),

unlawfully, willfully, and intentionally conspired with each other and others known and unknown to the Grand Jury, to kill Victim-3 with malice aforethought, in violation of California Penal Code, Sections

1  182, 187, and 189.

2  Number 4:  Murder of Victim-5

3      On or about August 12, 2015, in the Eastern District of California, the defendants,

4

5

6  did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Victim-5, with

7  malice aforethought, in violation of California Penal Code, Sections 31, 187 and 189.

8

9  Number 5:  Conspiracy to Commit the Murder of Victim-8

10      Beginning on a date unknown to the Grand Jury, but no later than on or about December 1, 2019,

11  and continuing to on or about February 1, 2020, in the Eastern District of California, and elsewhere, the

12  defendant,

13                    KENNETH BASH (aka "Kenny" aka "Bash"),

14  unlawfully, willfully, and intentionally conspired with others known and unknown to the Grand Jury to

15  kill Victim-8 with malice aforethought, in violation of California Penal Code, Sections 182, 187, and

16  189.

17

18  Number 6:  Conspiracy to distribute and possess with intent to distribute methamphetamine and heroin

19      Beginning on a date unknown to the Grand Jury, but no later than on or about September 1,

20  2020, and continuing through at least on or about November 19, 2020, in the State and Eastern District

21  of California, and elsewhere, defendants,

22                    KENNETH BASH (aka "Kenny" aka "Bash"), and
23                    DEREK SMITH (aka "Pup"),

24  did conspire with each other, and with others known and unknown to the Grand Jury, to knowingly and

25  intentionally distribute and possess with intent to distribute at least 50 grams of methamphetamine

26  (actual), and 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II

27  Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1),

28  (b)(1)(A).

1     All in violation of Title 18, United States Code, Section 1962(d).

2     COUNT TWO: 18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering

3          The Grand Jury further charges:

4                    KENNETH JOHNSON (aka "K" aka "Kenwood"),
                     FRANCIS CLEMENT (aka "Frank"),

5          ████████████████████████████████████████████

6

7     defendants herein, as follows:

8          1.     Paragraphs 1 through 16 of this Superseding Indictment are incorporated herein.

9          2.     The AB enterprise, through its members and associates, engaged in racketeering activity

10    as defined in 18 U.S.C. Sections 1959(b)(1) and 1961(1), that is, acts involving murder, extortion, and

11    arson in violation of the California Penal Code, acts involving robbery in violation of the California

12    Penal Code, the Alabama Criminal Code, and the Oregon Revised Statute, multiple acts indictable under

13    18 U.S.C. §§ 1028, 1341, and 1343, and multiple offenses involving drug trafficking in violation of  21

14    U.S.C. §§ 841, 843, and 846.

15         3.     On or about October 4, 2020, in the counties of Kern and Los Angeles, State and Eastern

16    District of California and elsewhere, KENNETH JOHNSON, aka "K" aka "Kenwood", FRANCIS

17    CLEMENT, aka "Frank"████████████████████████████████████

18    ███████████████ together with others known and unknown to the Grand Jury, for the purpose of gaining

19    entrance to and maintaining and increasing position in the AB, an enterprise engaged in racketeering

20    activity, while aiding and abetting one another, did murder Victim-1, in violation of California Penal

21    Code §§ 31, 187 and 189.

22         All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

///

COUNT THREE: 18 U.S.C. § 1959(a)(1) – Murder in Aid of Racketeering

The Grand Jury further charges:

KENNETH JOHNSON (aka "K" aka "Kenwood"),
FRANCIS CLEMENT (aka "Frank"),

████████████████████████████████████████

defendants herein, as follows:

1.    Paragraphs 1 through 16, and paragraph 2 of Count 2, of this Superseding Indictment are incorporated herein.

2.    On or about October 4, 2020, in the counties of Kern and Los Angeles, State and Eastern District of California and elsewhere, KENNETH JOHNSON, aka "K" aka "Kenwood", FRANCIS CLEMENT, aka "Frank", ███████████████████████████████ ████████████ together with others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the AB, an enterprise engaged in racketeering activity, while aiding and abetting one another, did murder Victim-2, in violation of California Penal Code §§ 31, 187 and 189.

All in violation of 18 U.S.C. §§ 1959(a)(1) and 2.

NOTICE OF SPECIAL FINDINGS

The allegations of Count Two and Three of this Superseding Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

Defendant ██████████

1.    Was 18 years of age or older at the time of the offense (18 U.S.C. §3591(a));

2.    Intentionally killed Victim-1 and Victim-2 (18 U.S.C. § 3591(a)(2)(A));

3.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victim-1 and Victim-2 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

4.    Committed the offense after substantial planning and premeditation to cause the death of Victim-1 (18 U.S.C. § 3592(c)(9)); and,

///

5.      Intentionally killed more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16));

Defendant FRANCIS CLEMENT:

1.      Was 18 years of age or older at the time of the offense (18 U.S.C. §3591(a));

2.      Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victim-1 and Victim-2 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

3.      Committed the offense after sustaining a previous conviction for an offense resulting in the death of a person, for which a sentence of life imprisonment was authorized by statute (18 U.S.C. § 3592(c)(3)); and,

4.      Committed the offense after substantial planning and premeditation to cause the death of Victim-1 (18 U.S.C. § 3592(c)(9));

Defendant KENNETH JOHNSON:

1.      Was 18 years of age or older at the time of the offense (18 U.S.C. §3591(a));

2.      Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victim-1 and Victim-2 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C)); and,

3.      Committed the offense after substantial planning and premeditation to cause the death of Victim-1 (18 U.S.C. § 3592(c)(9));

Defendant ██████████

1.      Was 18 years of age or older at the time of the offense (18 U.S.C. §3591(a));

2.      Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and Victim-1 and Victim-2 died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

///

3.      Committed the offense after substantial planning and premeditation to cause the death of Victim-1 (18 U.S.C. § 3592(c)(9)); and,

4.      Committed the offense after having been previously convicted of two or more offenses involving the distribution of a controlled substance (18 U.S.C. § 3592(c)(10)).

<u>COUNT FOUR</u>: 18 U.S.C. § 1959(a)(5)  – Conspiracy to Commit Murder in Aid of Racketeering

The Grand Jury further charges:

█████████████████████████████████

KENNETH BASH, aka "Kenny" aka "Bash",

defendants herein, as follows:

1.      Paragraphs 1 through 16, and paragraph 2 of Count 2 of this Superseding Indictment are incorporated herein.

2.      Beginning no later than on or about October 1, 2020, and continuing through on or about October 4, 2020, in the counties of Kings and San Joaquin, State and Eastern District of California and elsewhere, ████████████████████████and KENNTH BASH, aka "Kenny" aka "Bash", together with others known and unknown to the Grand Jury, for the purpose of gaining entrance to and maintaining and increasing position in the AB, an enterprise engaged in racketeering activity, did conspire to murder Victim-3, in violation of California Penal Code §§ 187, 189, and 182.

All in violation of 18 U.S.C. § 1959(a)(5).


<u>COUNT FIVE</u>:  21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A), (b)(1)(B) – Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine and Heroin

The Grand Jury further charges: T H A T

KENNETH BASH,
MARLON PALMER,
DEREK SMITH,
AMANDA GOURLEY, and
SAMANTHA BOOTH,

1  defendants herein, between on or about September 1, 2020, and continuing through on or about

2  November 19, 2020, in the County of Fresno, State and Eastern District of California, and elsewhere,

3  did knowingly and intentionally conspire and agree with each other and with persons known and

4  unknown to the Grand Jury to distribute and to possess with intent to distribute at least 50 grams of

5  methamphetamine (actual), and 500 grams or more of a mixture or substance containing

6  methamphetamine, a Schedule II Controlled Substance, and at least 100 grams or more of a mixture or

7  substance containing heroin, a Schedule I Controlled Substance, in violation of Title 21, United States

8  Code, Sections 846 and 841(a)(1) & (b)(1)(A), (b)(1)(B).

9  COUNT SIX: 21 U.S.C. § 841(a)(1) & (b)(1)(A) – Possession with Intent to Distribute
                    Methamphetamine

10

11          The Grand Jury further charges: T H A T

12                              SAMANTHA BOOTH,

13  defendant herein, on or about September 22, 2020, in the County of Fresno, State and Eastern District of

14  California, did knowingly and intentionally possess with intent to distribute at least 50 grams of

15  methamphetamine (actual), and 500 grams or more of a mixture or substance containing

16  methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code,

17  Section 841(a)(1) & (b)(1)(A).

18  COUNT SEVEN: 21 U.S.C. § 841(a)(1) & (b)(1)(A) – Possession with Intent to Distribute
                      Methamphetamine

19

20          The Grand Jury further charges: T H A T

21                               DEREK SMITH,

22  defendant herein, on or about September 24, 2020, in the County of Fresno, State and Eastern District of

23  California, did knowingly and intentionally possess with intent to distribute at least 50 grams of

24  methamphetamine (actual), and 500 grams or more of a mixture or substance containing

25  methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code,

26  Section 841(a)(1) & (b)(1)(A).

27  ///

28  ///

1  ///

2  ///

3  COUNT EIGHT: 21 U.S.C. § 841(a)(1) & (b)(1)(B) – Possession with Intent to Distribute Heroin

4         The Grand Jury further charges: T H A T

5                           DEREK SMITH,

6  defendant herein, on or about September 24, 2020, in the County of Fresno, State and Eastern District of

7  California, did knowingly and intentionally possess with intent to distribute 100 grams or more of a

8  mixture or substance containing heroin, a Schedule I Controlled Substance, in violation of Title 21,

9  United States Code, Sections 846 and 841(a)(1) & (b)(1)(B).

10  COUNT NINE:  18 U.S.C. § 924(c)(1)(A)- Using and Carrying a Firearm During and in Relation to a
                Drug Trafficking Offense
11

12         The Grand Jury further charges: T H A T

13                          DEREK SMITH,

14  defendant herein, on or about September 24, 2020, in the County of Fresno, State and Eastern District of

15  California, did knowingly use and carry and possess a firearm, specifically, a Glock 26 9mm handgun,

16  serial number DSB569, during and in relation to, and in furtherance of, a drug trafficking crime for

17  which he may be prosecuted in a court of the United States, specifically, possession with intent to

18  distribute methamphetamine and possession with intent to distribute heroin, in violation of Title 21,

19  United States Code, Section 841, as alleged in Counts Seven and Eight of the Superseding Indictment,

20  all in violation of Title 18, United States Code, Section 924(c)(1)(A).

21  COUNT TEN: 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm

22         The Grand Jury further charges: T H A T

23                          DEREK SMITH,

24  defendant herein, on or about September 24, 2020, in the County of Fresno, State and Eastern District of

25  California, knowing that he had been convicted of a crime punishable by a term of imprisonment

26  exceeding one year, that is:

27         (1) 2005 felony conviction for Possession of Stolen Property, in violation of California Penal
             Code section 496;
28

SUPERSEDING INDICTMENT                                    15

(2) 2015 felony conviction for Identity Theft, in violation of California Penal Code section 530.5; and,

(3) 2018 felony conviction for Taking a Vehicle without Consent, in violation of California Vehicle Code section 10851,

did knowingly possess a firearm, specifically, a Glock 26 9mm handgun, serial number DSB569, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT ELEVEN: 21 U.S.C. § 841(a)(1) & (b)(1)(A) – Possession with Intent to Distribute Methamphetamine

The Grand Jury further charges: T H A T

SAMANTHA BOOTH,

defendant herein, on or about September 29, 2020, in the County of Fresno, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 50 grams of methamphetamine (actual) , a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(A).

COUNT TWELVE: 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine

The Grand Jury further charges: T H A T

SAMANTHA BOOTH,

defendant herein, on or about and between September 22, 2020, and September 28, 2020, in the County of Fresno, State and Eastern District of California, did knowingly and intentionally distribute at least 50 grams of methamphetamine (actual), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(A).

FORFEITURE ALLEGATION: 18 U.S.C. §§ 1963(a)(1), 1963(a)(2), 1963(a)(3), 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c) – Criminal Forfeiture

1. Upon conviction of the offenses alleged in Count One of this Superseding Indictment, defendants KENNETH JOHNSON, FRANCIS CLEMENT, KENNETH BASH, and DEREK SMITH shall forfeit to the United States pursuant to Title 18, United States Code, Sections 1963(a)(1), 1963(a)(2), and 1963(a)(3), any interest, security of, claim against, or property or contractual right of any kind in any enterprise established, operated,

1  controlled, conducted, or participated in the conduct of, a violation of such offense; and, any property

2  constituting, or derived from, any proceed which defendants obtained, directly or indirectly, from

3  racketeering activity in violation of such offense.

4      2.    Upon conviction of one or more of the offenses alleged in Counts Five through Eight,

5  Eleven, and Twelve of this Superseding Indictment, defendants KENNETH BASH, MARLON

6  PALMER, DEREK SMITH, AMANDA GOURLEY, AND SAMANTHA BOOTH shall forfeit to the

7  United States pursuant to Title 21, United States Code, Section 853(a), the following property:

8      a.    All right, title, and interest in any and all property involved in violations of Title

9  21, United States Code, Section 841(a)(1), or conspiracy to commit such offenses, for which defendants

10  are convicted, and all property traceable to such property, including the following: all real or personal

11  property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of

12  such offenses; and all property used, or intended to be used, in any manner or part to commit or to

13  facilitate the commission of the offenses.

14      b.    A sum of money equal to the total amount of proceeds obtained as a result of the

15  offenses, or conspiracy to commit such offenses, for which defendants are convicted.

16      3.    Upon conviction of the offenses alleged in Counts Nine and Ten, of this Superseding

17  Indictment, defendant DEREK SMITH, shall forfeit to the United States pursuant to Title 18, United

18  States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and

19  ammunition involved in or used in the knowing commission of the offenses.

20      4.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One, and

21  Counts Five through Twelve of this Superseding Indictment, for which defendants are convicted:

22      a.    cannot be located upon the exercise of due diligence;

23      b.    has been transferred or sold to, or deposited with, a third party;

24      c.    has been placed beyond the jurisdiction of the Court;

25      d.    has been substantially diminished in value; or

26      e.    has been commingled with other property which cannot be divided without

27      difficulty;

28  it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), Title 21,

SUPERSEDING INDICTMENT

1  United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture

2  of any other property of defendants, up to the value of the property subject to forfeiture.

3

4                                                    A TRUE BILL.

                                                     /s/ Signature on file w/AUSA
5                                                    _____
                                                     FOREPERSON
6  PHILLIP A. TALBERT
   United States Attorney
7
        KIMBERLY A. SANCHEZ for
8  By _____
   KIRK E. SHERRIFF
9  Assistant U.S. Attorney
   Chief, Fresno Office
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28