| Demands – Motion, Docket No. 633 | Response and/or Authorities Rejecting Clement's Demands |
|---|---|
| Request A: Criminal history and institutional records | Request A: As far as individual criminal histories have not been discovered, the government will provide the criminal history for each defendant to that defendant. To the extent this request seeks impeachment information for prospective government witnesses, such information need not be disclosed until witness testifies. *United States v. Rinn*, 586 F.2d 113, 119 (9th Cir. 1978); *United States v. Hopkins*, 2008 WL 4453583, at *2 (E.D. Cal. Oct. 3, 2008). With regard to persons who are not witnesses, defendant has failed to make a factual showing of materiality under *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990), and related authorities. |
| Request B: Dates, locations and details of conduct in support of the conspiracy | Request B: As discussed in the government's Opposition, including on page 8 and on, this request is improper as it is overbroad and akin to a bill of particulars. "The Government is not required to (a) particularize all of its evidence; (b) disclose the precise manner in which the crimes charged in the indictment were committed; or (c) provide the defendant with a preview of the Government's case or legal theory." *United States v. Morgan*, 690 F. Supp. 2d 274, 284–85 (S.D.N.Y. 2010). Furthermore, defendant's request includes items that have already been produced and is thus, an improper use of Rule 16. To the extent sources for this evidence exist, it comes from prospective government witnesses, the Court "cannot enter an order requiring early disclosure of Jencks Act material." *United States v. Fuentes*, 2010 WL 1659453, at *2 (E.D. Cal. Apr. 23, 2010); *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)); *United States v. Hoffman*, 794 F.2d 1429, 1433 (9th Cir. 1986); *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988). The request also fails under the privilege recognized by *Roviaro v. United States*, 353 U.S. 53, 59 (1957). |
| Request C: Disclosure of confidential informant | Request C: As discussed in the government's Opposition, including on page 12 and on, the identity or communications of persons who furnish information of law violations to law enforcement is protected by a privilege that protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). |

| | |
|---|---|
| Request D: Cooperating witness agreements | Request D: As discussed in the government's Opposition, including on pages 12 and 13, defendant's request has already been denied by this court. |
| Request E: Exculpatory witness statements | Request E: As discussed in the government's Opposition, including on page 11 and on, ordering disclosure is prohibited by the Jencks Act/Rule 26.2. Fed. R. Crim. P. 26.2(a). The Court "cannot enter an order requiring early disclosure of Jencks Act material." *Fuentes*, 2010 WL 1659453 (citing *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("When the defense seeks evidence which qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control."), at *2; *Jones*, 612 F.2d at 455; *Hoffman*, 794 F.2d at 1433; *Tarantino*, 846 F.2d at 1418; *Wilson*, 2021 WL 480853, at *7. With regard to persons who are not witnesses, defendant has failed to make a factual showing of materiality under *Mandel* and related authorities. In addition, the identity or communications of persons who furnish information of law violations to law enforcement is protected by a privilege that protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Roviaro*, 353 U.S. at 59. |
| Request F: Investigation by government | Request F: As discussed in the government's Opposition, including on page 12 and on, this particular request is flatly excluded from disclosure by Rule 16(a)(2). The rules do not generally authorize discovery and inspection of "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). There is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." *United States v. Jack*, 257 F.R.D. 221, 229 (E.D. Cal. 2009) (Drozd, J.) *(*citing *Moore v. Illinois*, 408 U.S. 786, 795 (1972)). |
| Request G: 404(b) | Request G: As discussed in the government's Opposition, including on page 13, defendant's request has already been denied by the District Court. |
| Request H: Suppression issues | Request H: This request is merely a request for all of the items that have been addressed throughout the other requests. Insofar as these are burdensome discovery demands, the requests require a more robust showing of materiality. *See Mandel*, 914 F.2d at 1219. "Material to the defense" is measured against the government's case-in-chief. Without any factual |

| | |
|---|---|
| | showing of materiality or factual specificity justifying each demand, the requests should be denied because the material has either already been produced or is not subject to disclosure in the first instance, as noted in some circumstances throughout the government's Opposition. "Without a factual showing there is no basis upon which the court may exercise its discretion, and for it to ignore the requirement is to abuse its discretion." *Mandel*, 914 F.2d at 1219; *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984). Rule 16 "is *not* the equivalent of a 'request for production' in a civil suit, in that the defendant is not entitled to issue a generally worded request for production of documents or things of which their existence is only generally surmised, and might lead the defendant to relevant evidence." *Hopkins*, 2008 WL 4453583, at *2 (emphasis in original). |
| Requests I-R: Requests relating to the Lomita homicides | Requests I-R: As discussed in the government's Opposition, including on page 14 and on, these items have been produced if they exist, and thus, this is an improper use of Rule 16. It is unclear why defendant is improperly using a Rule 16 motion to raise an issue that is easily resolved by reviewing the discovery already provided. To the extent sources for this evidence exist, and it comes from prospective government witnesses, the Court "cannot enter an order requiring early disclosure of Jencks Act material." *Fuentes*, 2010 WL 1659453, at *2; *Jones*, 612 F.2d at 455; *Hoffman*, 794 F.2d at 1433; *Tarantino*, 846 F.2d at 1418; *Wilson*, 2021 WL 480853, at *7. The request also fails under the privilege recognized by *Roviaro*, 353 U.S. at 59. |
| Request S: Jail calls | Request S: Overbroad and burdensome. It also lacks any showing of materiality. It is also overbroad because it likely sweeps in material that would be subject to Rule 16(a)(2) if the "jails" are considered the Rule 16 "government" and items excluded from disclosure by Rule 26.2, the Jencks Act, and authorities cited throughout this appendix and *Roviaro*, 353 U.S. at 59. |
| Request T: Eau Claire reports | Request T: Without any factual showing of materiality or factual specificity justifying this demand, the request should be denied. "Without a factual showing there is no basis upon which the court may exercise its discretion, and for it to ignore the requirement is to abuse its discretion." *Mandel*, 914 F.2d at 1219; *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984). To the extent additional sources for this evidence exist, it comes from prospective government witnesses and are not subject to early |

3

| | |
|---|---|
| | disclosure. *Fuentes*, 2010 WL 1659453, at *2; *Jones*, 612 F.2d at 455; *Hoffman*, 794 F.2d at 1433; *Tarantino*, 846 F.2d at 1418; *Wilson*, 2021 WL 480853, at *7. The request also fails under the privilege recognized by *Roviaro*, 353 U.S. at 59. |
| Request U: NIBIN reports | Request U: The government continues to produce items of discovery, pursuant to the Rules and law. When these reports become available, the government will disclose to defendants. |
| Request V: Uncorrupted files | Request V: Improper use of Rule 16. Defendant has been advised that the files are not corrupted and that the proper program must be used to access the files. |
| Request W: Lomita victims criminal history | Request W: Without any factual showing of materiality or factual specificity justifying this demand, the request should be denied. "Without a factual showing there is no basis upon which the court may exercise its discretion, and for it to ignore the requirement is to abuse its discretion." *Mandel*, 914 F.2d at 1219; *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984). |
| Request X: Social Media | Request X: Without any factual showing of materiality or factual specificity justifying this demand, the request should be denied. "Without a factual showing there is no basis upon which the court may exercise its discretion, and for it to ignore the requirement is to abuse its discretion." *Mandel*, 914 F.2d at 1219; *United States v. Cadet*, 727 F.2d 1453, 1466 (9th Cir. 1984). As far as any material falls under *Jencks*, the Court "cannot enter an order requiring early disclosure of Jencks Act material." *Fuentes*, 2010 WL 1659453, at *2; *Jones*, 612 F.2d at 455; *Hoffman*, 794 F.2d at 1433; *Tarantino*, 846 F.2d at 1418; *Wilson*, 2021 WL 480853, at *7. With regard to persons who are not witnesses, defendant has failed to make a factual showing of materiality under *Mandel* and related authorities. In addition, the identity or communications of persons who furnish information of law violations to law enforcement is protected by a privilege that protects the public's interest in effective law enforcement by encouraging citizens to report violations of law and preserving their anonymity. *Roviaro*, 353 U.S. at 59. |