1  W. SCOTT QUINLAN, 101269
   Attorney at Law
2  2300 Tulare Street, Ste. 300
   Fresno, Ca 93721
3  PHONE: (559) 442-0634

4

5  Attorney for Defendant KENNETH BASH

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

| 11 | UNITED STATES OF AMERICA, | No. 1:20-cr-0238 JLT SKO |
|---|---|---|
| 12 | Plaintiff, | |
| 13 | v. | **DEFENDANT KENNETH BASH'S NOTICE OF MOTION AND MOTION TO SEVER ALLEGED MURDER DEFENDANTS FROM REMAINING DEFENDANTS FOR TRIAL AND POINTS AND AUTHORITIES IN SUPPORT THEREOF (Federal Rules of Criminal Procedure Rule 14)** |
| 14 | KENNETH BASH, et al. | |
| 15 | Defendants. | |
| 16 | | Date:  March 18, 2024<br>Time:  10:00 a.m.<br>Place: Honorable Jennifer L. Thurston<br>         Courtroom 4 |

22  **TO ALL PARTIES** and to their attorneys of record:

23  **PLEASE TAKE NOTICE** that on March 18, 2024 at 10:00 a.m. before the Honorable

24  Jennifer L. Thurston in Courtroom 4 in the above-entitled Court, Defendant Kenneth Bash will

25  move the Court for an order severing his case and that of co-defendant Derek Smith from co-

26  defendants for purposes of trial. Trial is currently set for January 14, 2025 and is anticipated to

27  last four to five months. The government has been ordered to ascertain if it will proceed with the

28  death penalty on or before March 16, 2024 (Doc. 916).

This motion is made pursuant to Rule 14 of the Federal Rules of Criminal Procedure and is based upon the Second Superceding Indictment and upon the Points and Authorities filed herewith.

Dated: February 7, 2024              Respectfully submitted,

/s/ W. Scott Quinlan
W. SCOTT QUINLAN, Attorney for
Defendant KENNETH BASH

**POINTS AND AUTHORITIES**

Defendant Kenneth Bash is charged in the Second Superceding Indictment with a conspiracy to participate in a racketeering enterprise in Count One.

The conspiracy is alleged to have begun no later than in or around 2015 and continued to at least March, 2023 (Doc. 656, page 5, paragraph 18).

Mr. Bash is charged in Count One with a RICO conspiracy involving a conspiracy to murder Victim 3 from October 1-4, 2020, with knowingly causing the distribution of methamphetamine and heroin from September 1, 2020 to November 19, 2020, and with (conspiring) ordering the stabbing of Victim 8 for violation of Aryan Brotherhood rules on December 1, 2019 to February 1, 2020 (Doc. 656, pages 7 and 8, paragraphs 20(b),(h), and (i)). These allegations are repeated as Count One Special Sentencing Factors 3, 5, and 6 (Doc. 656 at pages 9 and 10).

Counts Six alleges against Mr. Bash a VICAR count of conspiracy to murder Victim 3, and Count Seven alleges a conspiracy to distribute and to possess with intent to distribute methamphetamine and heroin.

Co-defendants Derek Smith and Samantha Booth are alleged to be conspirators with Mr. Bash in the drug conspiracy alleged as Count Seven.

1  Mr. Smith is also alleged to have possessed with intent to distribute methamphetamine
2  (Count Nine) and heroin (Count Ten) on September 24, 2020, and to have used and carried a
3  firearm on that date (Count Eleven), and to have done so while being an ex-felon (Count Twelve).
4  Ms. Booth is additionally charged with counts of possession with intent to distribute
5  methamphetamine (Count Thirteen) and distribution of methamphetamine (Count Fourteen).
6  The specific crimes alleged against defendants Bash, Smith and Booth are not death
7  penalty eligible crimes, nor are they murders.[1]

## ALL OF THE REMAINING DEFENDANTS HAVE BEEN CHARGED WITH MURDER

11  The Sentencing Factors alleged in the RICO conspiracy alleged as Count One assert that
12  the remaining co-defendants were involved in intentional, premeditated murder. Mr. Johnson, Mr.
13  Clement, and Mr. Bannick are charged with the murder of Victims 1 and 2. Mr. Weaver and Mr.
14  Pitchford are charged with the murder of Victim 5. Mr. Clement, Mr. Bannick, Mr. Perkins, and
15  Mr. Field are charged with the murders of Victims 11 and 12. Mr. Johnson and Mr. Clement are
16  charged with the murder of Victim 13 (Doc. 622, pages 9-11).
17  Separate VICAR counts with special circumstance murder allegations are alleged in
18  Counts Two and Three pertaining to Victims 1 and 2, above, against Mssrs. Johnson, Clement,
19  Bannick, and Justin Grey. Special circumstance murder allegations are alleged pertaining to
20  Victims 11 and 12 in Counts Four and Five against Mssrs. Bannick, Field, Perkins, and Clement.
21  These six VICAR murder defendants in Counts Two through Five are death penalty
22  eligible. They are Mssrs. Johnson, Clement, Bannick, Gray, Field, and Perkins. Mssrs. Weaver
23  and Pitchford are charged with murder as sentencing factors in the RICO conspiracy count (Count
24  One), but not in VICAR counts.

## SEVERANCE UNDER RULE 14

26  The Second Superceding Indictment does not allege that Mr. Bash or Mr. Smith were
27  involved in any way in any of the murders of Victims 1, 2, 5, 11, 12 and 13 charged against co-

---

[1] Smantha Booth has pled out and is awaiting sentencing on April 22, 2024.

defendants. It does not allege that Mr. Bash or Mr. Smith was present at the same prison as any of the murder victims when they were killed, and in fact, none of these murders are relevant evidence to prove Mr. Bash's agreement that a conspirator would commit at least two acts of racketeering activity, in the conduct of the affairs of the enterprise, as alleged in the RICO conspiracy count at paragraph 19 of the Second Superceding Indictment.

Rule 14 of the Federal Rules of Criminal Procedure provides:

> "**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires."

The six murders alleged against co-defendants are stand-alone criminal acts which each have a separate constellation of witnesses to support and/or refute criminal liability. They are not charged against Mr. Bash or Mr. Smith as RICO factors or as separate VICAR crimes, and neither defendant is alleged to have had anything to do with them. Under these circumstances, a lengthy trial involving the introduction of this murder evidence, unconnected to Mr. Bash or Mr. Smith, is unduly prejudicial (United States v. Garcia (10th Cir., 2023) 74 F.4th 1073, 1086).

Severance of death eligible defendants from other defendants is also justified under Rule 14 because murder charges raise numerous litigation issues unique to those defendants which are prejudicial to co-defendants (United States v. Fernandez (9th Cir., 2004) 388 F.3d 1199 at 1242; United States v. Yost (D.C. 2008) unpublished 2008 WL 11337740 at page 6). Severance is also warranted when the government seeks the death penalty against one of several previously severed death-eligible defendants (United States v. Fernandez, ibid at fn 28). Even after severance where, as here, different defendants and subgroups of defendants are charged with stand-alone murder offenses, the jury's ability to evaluate the evidence against each defendant independently is put to the test.

Due to the prejudice to Mr. Bash of trying his case with co-defendants charged with murder, he moves the Court for an order severing his and co-defendant Smith's case from the

remaining co-defendants. In the alternative, Mr. Bash moves to sever his and Mr. Smith's case from all death eligible co-defendants. The gravamen of these murder charges has nothing to do with Mr. Bash.

Dated: February 7, 2024                                           Respectfully submitted,


                                                                  /s/ W. Scott Quinlan
                                                                  W. SCOTT QUINLAN, Attorney for
                                                                  Defendant, KENNETH BASH