PHILLIP A. TALBERT
United States Attorney
STEPHANIE M. STOKMAN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00238-JLT-SKO |
| PLAINTIFF, | AMENDED STIPULATION REGARDING DISCOVERY; AND PROTECTIVE ORDER |
| v. | |
| KENNETH BASH,<br>KENNETH JOHNSON,<br>FRANCIS CLEMENT,<br>BRANDON BANNICK,<br>JUSTIN GRAY,<br>DEREK SMITH,<br>JAYSON WEAVER,<br>WAYLON PITCHFORD,<br>JAMES FIELD, and<br>EVAN PERKINS, | |
| DEFENDANTS. | |

1. As described more fully below, the parties, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for the reasons set forth below, request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing statements and other confidential information of victims, witnesses, and third parties, including confidential witness information and of certain materials containing personal identifying information ("PII") of real persons and other confidential information of victims, witnesses, and third parties.

2. The investigation was developed based, in part, on information provided by witnesses and confidential sources, whose identities will be apparent to the defendants/defense upon review of the

STIPULATION REGARDING PROTECTIVE ORDER ON DISCOVERY

1

reports, photographs, and/or recordings contained in the discovery material.

3. Also as part of its investigation in the above-captioned case, the government is in possession of materials relating to the charges against the defendants, including voluminous documents that contain PII and other confidential information of real persons, including, among other things, personal names, addresses, and dates of birth. These real persons are victims, witnesses, or third parties to this case. The government seeks to provide these materials to counsel for the defendants.

4. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the statements and information of these witnesses. The Government maintains that if this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and security of the person to whom the information relates. The Government maintains that the information could itself be used to further criminal activity if improperly disclosed or used. The United States has ongoing obligations to protect the witnesses, including confidential witnesses, contained in these documents and/or recordings.

5. The purpose of the proposed Protective Order is also to prevent the unauthorized dissemination, distribution, or use of materials containing the PII or other confidential information of others. The Government maintains that if this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and security of the people to whom the information relates. The Government maintain that the information could itself be used to further criminal activity if improperly disclosed or used. The United States has ongoing statutory and ethical obligations to protect the individuals whose PII is contained in these documents.

6. Due to the large quantity of discovery[1] that contains PII, redacting all privacy-protected information would be difficult and time-consuming. Accordingly, the parties jointly request a Protective Order that will permit the government to produce discovery that is unredacted, but preserves the privacy and security of victims, witness, and third parties. The parties agree that the following conditions, once ordered by the Court in the proposed Protective Order, will serve the government's interest in

---

[1] The term "discovery" refers to materials of any kind provided to the defense by the Government (except as filed with the Court) pursuant to its obligations under Rules 16 or 26.1 of the Federal Rules of Criminal Procedure, the Fifth Amendment of the United States Constitution, or Title 18, United States Code, Section 3500.

STIPULATION REGARDING PROTECTIVE ORDER ON DISCOVERY

2

1  maintaining the privacy and security of victims and third parties, while permitting the Defense Team to
2  understand the United States' evidence against the defendants.

3      7.    The Government will reproduce this same discovery with PII redacted and identify it by
4  insertion of the word "redacted".  While this future production of duplicate discovery is not subject to
5  the protective order covering the instant discovery batch, the parties agree that should defense become
6  aware of any PII that has not been redacted, they will redact it.  This does not require them to review all
7  discovery before sharing it with the defendants, but it does require that should defense become aware
8  during their review of the discovery that there is PII that was missed in the redaction process, they will
9  take affirmative action to correct it.

10      8.    Accordingly, the parties jointly request a Protective Order that will permit the
11  government to produce the materials, but preserves the privacy and security of the witnesses.  The
12  parties agree that the following conditions, once ordered by the Court in the proposed Protective Order,
13  will serve the government's interest in maintaining the privacy and security of the witnesses, while
14  permitting the Defense Team to understand the United States' evidence against the defendants.

15      9.    This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of
16  Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.    PROPOSED PROTECTIVE ORDER

### A.    Protected Materials

19      10.    This Order pertains to discovery provided or made available to defense counsel
20  containing the statements of witnesses, victim, and confidential witnesses in this case (hereafter,
21  collectively "Protected Materials").

22      11.    To the extent that notes are made that memorialize, in whole or in part, the identity of the
23  witnesses, or statements that indicate the identity of the witnesses, in any Protected Materials, or to the
24  extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or
25  reproductions become Protected Materials, subject to the Protective Order and must be handled in
26  accordance with the terms of the Protective Order.

27      12.    For purposes of the Protective Order, the term "Personal Identifying Information" ("PII")
28  includes any information within the definition of a "means of identification" under 18 U.S.C. §

1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

13. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B. Defense Team

14. For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

15. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant unless they are in categories 1 to 4 in this paragraph.

16. Defense Counsel must provide a copy of this Order to all members of the Defense Team.

### C. Disclosure of Protected Materials

17. The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendants themselves.

18. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendants, or any third party.  Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

19. Defendants may review Protected Materials in this case only in the presence of a member of the Defense Team, and his or her Defense Counsel shall ensure that each defendant is never left alone

with any Protected Information. Defendants may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time.  Defendants must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendants review the Protected Materials.  Defendants may not take any Protected Materials out of the room in which they are meeting with the Defense Team.  Defendants may not write down or memorialize any PII contained in the Protected Materials.  At the conclusion of any meeting with defendants, the member of the Defense Team present shall take with him or her all Protected Materials.  At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether or not he or she is incarcerated, except as provided below.

20. If, during the pendency of the case, defendants request a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that all PII contained in the Protected Materials is fully redacted. If Defense Counsel provides a redacted copy to defendants subject to these conditions, Defense Counsel or a member of the Defense Team must contemporaneously memorialize in writing that it has fully redacted PII from the Protected Materials and complied with this Order.  This written certification need not be disclosed or produced to the United States unless ordered by the Court.  Materials redacted in this fashion are not subject to the restrictions in paragraph 15 above.

21. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

22. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

### D. **Ensuring Security of Protected Materials**

23. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where

STIPULATION REGARDING PROTECTIVE ORDER ON DISCOVERY

5

visitors are not left unescorted.

24. A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

25. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device.  Encryption keys must be stored securely and not written on the storage media that they unlock.

26. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.  In the event that the Defense Team makes or causes to be made copes of the Protected Materials for purposes of hearing or trial, it does not need to include this inscription.

**E.      Filings**

27. In the event that a party needs to file Protected Materials with the Court, the filing should be made under seal as provided for by the local rules.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention, including by making a request that the filing party redact the identity of the confidential witness.  If the other party does not object to the proposed filing, the party seeking to file such information may file the information without redaction.

28. In the event that a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal as provided for by the local rules.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention, including by making a request that the

filing party redact the PII or confidential materials. If the other party does not object to the proposed filing, the party seeking to file such information may file the information without redaction.

### F.  **Conclusion of Prosecution**

29. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

30. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed.

31. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, but may retain copies of the Protected Materials if the copies of been redacted to remove all PII as defined herein. If Defense Counsel retains a redacted copy of the Protected Materials, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has fully redacted PII from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

32. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that the identity of the confidential witness contained in the Protected Materials is fully redacted.

33. If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that all PII contained in the Protected Materials is fully redacted. If Defense Counsel provides a redacted copy to defendant subject to the above conditions, Defense Counsel or a member of the Defense Team must contemporaneously attest in writing that it has fully redacted PII from the Protected Materials and complied with this Order. This written certification need not be disclosed or produced to the United States unless ordered by the Court.

STIPULATION REGARDING PROTECTIVE ORDER ON DISCOVERY                    7

### G. Termination or Substitution of Counsel

34. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H. Modification of Order

35. Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### I. Violation of Order

36. Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court. This provision does not expand or narrow the Court's contempt powers.

### J. Application of Laws

37. Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

38. Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

IT IS SO STIPULATED.

Dated: April 4, 2024                                              PHILLIP A. TALBERT
                                                                 United States Attorney


                                                                 /s/ STEPHANIE M. STOKMAN
                                                                 STEPHANIE M. STOKMAN
                                                                 Assistant United States Attorney

STIPULATION REGARDING PROTECTIVE ORDER ON DISCOVERY                            8

| | |
|---|---|
| Dated:  April 4, 2024 | /s/ W. SCOTT QUINLAN<br>W. SCOTT QUINLAN<br>Counsel for Defendant<br>KENNETH BASH |
| Dated:  April 4, 2024 | /s/ ANDREA L. LUEM<br>/s/ RYAN VILLA<br>ANDREA L. LUEM<br>RYAN VILLA<br>Counsel for Defendant<br>KENNETH JOHNSON |
| Dated:  April 4, 2024 | /s/ JANE BYRIALSEN<br>/s/ JEAN BARRETT<br>JANE BYRIALSEN<br>JEAN BARRETT<br>Counsel for Defendant<br>FRANCIS CLEMENT |
| Dated:  April 4, 2024 | /s/ MARIAH HOLDER<br>MARIAH HOLDER<br>Counsel for Defendant<br>JAYSON WEAVER |
| Dated:  April 4, 2024 | /s/ CRISTINA BORDE<br>THERESA DUNCAN<br>CRISTINA BORDE<br>THERESA DUNCAN<br>Counsel for Defendant<br>EVAN PERKINS |
| Dated:  April 4, 2024 | /s/ ALEXANDRA MCCLURE<br>SUSAN MARCUS<br>ALEXANDRA MCCLURE<br>SUSAN MARCUS<br>Counsel for Defendant<br>JAMES FIELD |
| Dated:  April 4, 2024 | /s/ ALAN DRESSLER<br>ALAN DRESSLER<br>Counsel for Defendant<br>DEREK SMITH |

| | |
|---|---|
| Dated: April 4, 2024 | /s/ IVETTE AMELBURU MANINGO<br>/s/ AMY E. JACKS<br>IVETTE AMELBURU MANINGO<br>AMY E. JACKS<br>Counsel for Defendant<br>BRANDON BANNICK |
| Dated: April 4, 2024 | /s/ JAMES S. THOMSON<br>JAMES S. THOMSON<br>Counsel for Defendant<br>JUSTIN GRAY |
| Dated: April 4, 2024 | /s/ OLIVER LOEWY<br>OLIVER LOEWY<br>Counsel for Defendant<br>WAYLON PITCHFORD |

**ORDER**

IT IS SO ORDERED.

Dated:  **April 10, 2024**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE