W. SCOTT QUINLAN, 101269
Attorney at Law
2300 Tulare Street, Ste. 300
Fresno, Ca 93721
Telephone: (559) 442-0634

Attorney for Defendant KENNETH BASH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BASH, et al.<br><br>Defendants. | No. 1:20-cr-00238 JLT SKO<br><br>**DEFENDANT KENNETH BASH'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT ONE OF THE THIRD SUPERSEDING INDICTMENT**<br><br>Date:   July 15, 2024<br>Time:  10:00 a.m.<br>Place:  Courtroom 4 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 15, 2024 at 10:00 a.m. in courtroom 4 of the above- entitled court, or as soon as thereafter the matter may be heard, Defendant Kenneth Bash will move the Court for an order dismissing Count One of the Third Superceding Indictment alleging that he conspired to violate RICO for the reasons and upon the grounds set forth herein. This motion is brought pursuant to Federal Rules of Criminal Procedure, Rule 12(b)(3)(B), and the points and authorities submitted herewith.

Dated: June 5, 2024                                                                 Respectfully submitted,

/s/ W. Scott Quinlan
W. Scott Quinlan, Attorney for
Defendant KENNETH BASH

1

**POINTS AND AUTHORITIES**

**A.     The Agreement To Participate In A RICO Conspiracy**

Defendant Kenneth Bash is charged in the Third Superceding Indictment in Count One with "Conspiracy to Participate in a Racketeering Enterprise." However, the allegations of the indictment do not allege that he conspired to violate RICO as required by 18 U.S.C. §1962(d).

The government has charged a conspiracy to violate 18 U.S.C. §1962(c) by the defendants in violation of 18 U.S.C. §1962(d). That code section requires that a defendant agree with others to facilitate a scheme which includes the operation or management of a RICO enterprise (United States v. Fernandez (9th Cir., 2004) 383 F.3d 1199, 1230).

The Supreme Court in Salinas v. United States (1997) 522 U.S. 52 held that a defendant may conspire to violate RICO by intending to further an endeavor which, if completed, would satisfy all of the elements for a substantive criminal offense (page 65). The Court cited the ALI Model Penal Code, which permitted a person to be convicted of conspiracy so long as he "agrees with such other person or persons that they or one or more of them will engage in conduct that constitutes such crime. Model Penal Code §5.03(l)(a) (1962)."

After Salinas, the Ninth Circuit Court of Appeals in United States v. Fernandez (2004) 388 F.3d 1199 at 1230 held that a defendant is guilty of conspiracy to violate §1962(c) if the evidence shows that he "knowingly agreed to facilitate a scheme which includes the operation or management of a RICO enterprise."

The Supreme Court subsequently clarified its holding in Salinas in Ocasio v. United States (2016) 578 U.S. 282, a Hobbs Act conspiracy case. Citing Salinas v. United States the Court held that "under established case law, the fundamental characteristic of a conspiracy is a joint commitment to an "endeavor which, if completed would satisfy all of the elements of [the underlying substantive] criminal offense." (page 287) Each conspirator must intend to agree (ibid at page 288).

The Court further held that it is sufficient to prove that the conspirators agreed that the underlying crime be committed by a member of the conspiracy who was capable of committing it.

"In other words, <u>each conspirator must have specifically intended that some conspirator commit each element of the substantive offense</u> (Emphasis added, page 292).

As detailed herein, the allegations of the Third Superceding Indictment do not support the premise that Kenneth Bash conspired with AB members to conduct AB affairs in any particular manner. It is not enough to allege that Mr. Bash conspired to commit a particular crime. As set forth in <u>United States v. Basciano</u> (2nd Cir., 2010) 599 F.3d 184 at 199:

> "RICO conspiracy requires proof "that a defendant agreed with others (a) to conduct the affairs of an enterprise (b) through a pattern of racketeering" and that "the conduct prong requires [ ] that conspirators reached a meeting of the minds as to the operating of the affairs of the enterprise through a pattern of racketeering conduct."
> (Accord <u>United States v. Fernandez</u> (9th Cir., 2004) 388 F.3d 1199, 1230).

**B.    Defendant Kenneth Bash Is Not Alleged To Be A Member Of The
           AB Or To Have Agreed To How It Is To Operate**

The Third Superceding Indictment alleges: "Mr. Bash knowingly agreed to associate with, and was a member or associate of the AB (par. 3, page 2 of Third Superceding Indictment[1], [2]). The Aryan Brotherhood (AB) is a criminal organization whose members and associates engage in drug trafficking, theft, murder, extortion, burglary, robbery and assault (par. 1). The AB, including its leaders, members, and associates constitutes an "enterprise" (par. 2). The AB was formed in the California prison system in 1964 (par. 4). AB members are recruited from the prison population (par. 5). The AB is governed by a three-man commission with authority over the entire enterprise. Certain senior members of the organization have more authority than others (par. 7).

Members who do not fulfill their obligations to the AB are subject to murder (par. 10). In addition to members, the enterprise includes associates, who are closely affiliated with the AB. Associates who do not fulfill their obligations to the enterprise are subject to murder (par. 11).

---

[1] All further references to the Third Superceding Indictment are referenced only by (par.___)".

[2] Mr. Bash is more specifically identified in Count One as a "person employed by and associated with the AB" (par. 18).

3

Inmates and others who do not follow the orders of the AB are subject to retaliation, including physical assault or murder (par. 13).

The leaders and members of the AB direct, sanction, approve, and permit other members and associates to carry out criminal acts in furtherance of the enterprise (par. 15a). These above allegations are incorporated into Count One, the RICO conspiracy.

Defendant Bash is identified in Count One as a person "employed by and associated with the AB" (par. 18). He is alleged to have conspired to violate 18 U.S.C. §1962(c) by conducting and participating "directly and indirectly, in the conduct of the affairs of the AB through a pattern of racketeering activity" (par. 18). This allegation tracks Ninth Circuit Model Criminal Jury Instruction 8.161 addressing conducting the affairs of a enterprise in fact, and is insufficient to allege that Mr. Bash was involved in a RICO conspiracy. This instruction was given in the RICO conspiracy case United States v. Young (9th Cir., 2017, unpublished) 720 Fed.Appx 846 at 850, and was held to be plainly erroneous because it did not set forth that the defendant knowingly and personally "agreed to facilitate a scheme which includes the operation or management of a RICO enterprise, as required for a RICO conspiracy" by United States v. Fernandez, supra. A similar error was made in United States v. Cervantes (9th Cir., 2021, unpublished) 2021 WL 2666684, but was cured by other instructions given which addressed the omitted requirement.

Here, Count One alleges at most a conspiracy to commit discrete crimes; it does not allege that Mr. Bash conspired to "facilitate a scheme which includes the operation or management of a RICO enterprise" (United States v. Fernandez (9th Cir., 2004) 388 F.3d 1199 at 1230).

Further, in the Ninth Circuit all conspiracies must be voluntarily entered (Leyvas v. United States (9th Cir., 1958) 264 F.2d 272, 274). The Supreme Court recently noted in Ocasio v. United States (2016) 578 U.S. 282 at 298 that threatening someone to get them to engage in criminal activity does not make them a conspirator. The Court stated in its Ocasio opinion, addressing bribes to public officials:

> "For example, imagine that a health inspector demands a bribe from a restaurant owner, threatening to close down the restaurant if the owner does not pay. If the owner reluctantly pays the bribe in order to keep the business open, the owner has "consented" to

the inspector's demand, but his mere acquiescence in the demand does not form a conspiracy."

As the Indictment affirmatively alleges that leaders and members of the AB, which Mr. Bash is not, are the ones who direct, sanction, approve, and permit other members and associates to carry out criminal acts, it is clear that Mr. Bash has no part in any agreement by AB members as to how the affairs of the Aryan Brotherhood should be conducted. As alleged in the Indictment, that is far above his station. The RICO conspiracy charged does not set forth essential allegations of a violation of 18 U.S.C. §1962(d) by Mr. Bash because it refutes that he had a role in determining how the enterprise was to operate, does not allege that he agreed to facilitate a scheme which includes the operation or management of a RICO enterprise, and affirmatively alleges that if he did not do as directed he was subject to murder.

Accordingly, Mr. Bash moves to dismiss Count One of the Third Superseding Indictment alleged against him or failure to allege his participation in a RICO conspiracy.

Dated: June 5, 2024                                     Respectfully submitted,

/s. W. Scott Quinlan
W. Scott Quinlan, Attorney for
Defendant, KENNETH BASH