UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:20-CR-00238-JLT-SKO |
|---|---|
| Plaintiff, | ORDER AFTER IN CAMERA REVIEW OF RECORDS OF THE CDCR; FURTHER PROTECTIVE ORDER RE: RECORDS OF THE CDCR (Docs. 1676, 1702) |
| v. | |
| KENNETH JOHNSON, et al., | |
| Defendants. | |

The Court has conducted an in-camera review of documents produced by the California Department of Corrections and Rehabilitation pursuant to the subpoena issued by defendants (Doc. 1702 at 9, 11, 13) related to government witnesses. It has determined that a redacted copy of one record should be produced. Redaction is necessary for the protection of unrelated third parties. The Court will provide access to the record via email.

The Court orders the following restrictions on the use and dissemination of all confidential records produced by the California Department of Corrections and Rehabilitation (CDCR) pursuant to any valid subpoena.  All confidential records produced by CDCR shall be subject to the following restrictions.

1.   This protective order applies to any person who obtains possession of the confidential records because they contain information, which if shared, could jeopardize the safety and security of confidential informants, other individuals, and the prisons.

2.   The confidential records produced shall not be made available to persons other than:

1

      a.      Counsel for Defendants set for the trial beginning January 14, 2025;

      b.      The attorney(s) of record for the United States;

      c.      Paralegal, clerical, and secretarial staff employed by Defendant's counsel or counsel for the United States who are assisting in the defense or prosecution of this case;

      d.      A person retained by Defendant and/or his counsel or attorney(s) of record for the United States to assist in this case, such as an investigator, mitigation specialist, expert witness, or other consultant, who has agreed in writing that he or she has read this order, understands and agrees to be bound by its provisions, and consents to be subject to this Court's jurisdiction to enforce this order's terms;

      e.      Any judge before whom any hearing, trial, or other proceeding in this case is pending;

      f.      Court personnel when necessary to conduct these proceedings.

3.    <u>None of the confidential records produced shall be shown to, discussed with, or disclosed in any manner to any defendant, or any other defendant in this case not proceeding to trial in January 2025, or their attorney(s), any inmate or former inmate, any parolee or former parolee, or any other person not specified in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from CDCR's counsel or authorized by court order after an opportunity for CDCR to be heard regarding the request for disclosure.</u>

4.    No one with access to the confidential records pursuant to this protective order, as identified in paragraph 2, shall make copies of any documents subject to this protective order except as necessary for this case.

5.    Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential records, shall be filed under seal, and labeled with a cover sheet bearing the case name and number and the statement: "This document is subject to a protective order issued by the Court and may not be copied or examined except in accordance with that order." Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel for defendant or the United States. If any party fails to file confidential material in accordance with this paragraph, any party may request that the

Court place the filing under seal.

6. Any argument or discussion as to any confidential material shall be done in camera and any record of such argument, discussion, or examination shall be kept under seal. Counsel shall only discuss in open court summaries, not details, of the confidential information.

7. The confidential records shall be stored in a secure location.

8. Counsel for defendant and counsel for the United States shall maintain a record of all persons to whom they have afforded access to the confidential records. CDCR may inspect this record upon request.

9. At the conclusion of this criminal proceeding, including any appeals or collateral review, all originals and copies of confidential records produced by CDCR in this case shall be destroyed or returned to CDCR. If the records are destroyed, written notification of their destruction is to be given to CDCR.

10. The confidential records shall be used solely in connection with this criminal case, including any appeals or collateral review, and not for any other purpose.

11. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

12. This order shall remain in full force and effect until further order of this Court.

13. CDCR will have an opportunity to be heard should the Court find that modification of this order may be necessary.

IT IS SO ORDERED.

Dated: **February 1, 2025**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE